UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sharon Wilkins<br>1824 Reed Street<br>Philadelphia, PA 19146<br>Plaintiff | : |
| v. | : |
| Capital One, N.A.<br>1680 Capital One Drive<br>McLean, Virginia 22102<br>and<br>X,Y,Z Corporations 1-10<br>Defendant(s) | : |

**COMPLAINT**

1. This is an action brought by a consumer for Defendant(s) alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq.

2. Plaintiff is Sharon Wilkins, an adult individual whose principle residence is located at 1824 Reed Street, Philadelphia, PA 19146.

3. Defendant is Capital One, N.A.

4. Defendant Capital One, N.A. may be served as follows.

   Capital One, N.A.
   Attention: Officer, Manger or Authorized Agent
   1680 Capital One Drive
   McLean, Virginia 22102

5. Defendants may also include XYZ corporations 1- 10, And addresses are not known to plaintiff at this time, but which may become known as the case progresses and following discovery.

## JURISDICTION AND VENUE

6. The previous paragraphs of this complaint are incorporated by reference and All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

7. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction.

8. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

9. A substantial portion of the conduct complained of occurred in this jurisdiction.

10. This Court has Federal question jurisdiction pursuant to 28 USC 1331, et. seq. and 15 USC 1681 et. seq.

11. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337.

12. Venue lies in this District pursuant to 28 U.S.C. §1392(b). A substantial portion of the acts, occurrences, transactions or omissions took place in this Jurisdiction.

13. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

14. Key witnesses reside in or near this jurisdiction.

**COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 USC 1681 s-2 et seq.; Specifically 15 USC 1681 s-2 (b) et. seq. Improper Verification of Disputed Account to Experian Failure to Report Account as Disputed**

15. The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

16. Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

17. Defendant is an entity who, regularly and in the course of business, furnishes information to one or more credit reporting agencies about Defendants(s) transactions or experiences with any consumer and Defendant is a "furnisher," as codified at 15 U.S.C. § 1681s-2.

18. Defendant furnished certain derogatory information about Plaintiff's consumer account to Experian Information Solutions, Inc. (Experian).

19. At all times mentioned in this Complaint Experian was a consumer reporting agency as defined by 15 USC 1681a et. seq. of the FCRA.

20. Plaintiff disputed the alleged account in writing with Defendant(s) in writing for a number of meritorious reasons.

21. All of Plaintiff's disputes were legitimate, meritorious bona fide disputes.

22. Plaintiff also requested documentation for the account.

23. Plaintiff did not deny the existence of the account in any of Plaintiff's disputes.

24. Plaintiff did not deny that the account pertained to Plaintiff in Plaintiff's disputes.

25. Plaintiff's legitimate and meritorious disputes and requests for documentation called into question issues including but not limited to the following.

a. Whether the alleged high balance of $1,017 was justified by contractual authority when Defendant had failed to provide proof Plaintiff with evidence of the governing contract.

b. Whether the reported alleged high balance ($1,017) was accurate when the high balance did not match up with the amount stated by Defendant on a proof of claim filed in Bankruptcy Court. To wit, the high balance reported by Defendant to Experian contradicted the stated balance on Defendant's proof of claim filed in Bankruptcy Court ($766.78).

c. Whether the alleged balance of $1,017 was justified by contractual authority.

26. Plaintiff's disputes and requests for documentation with Defendant were in writing. See attached exhibits.

27. Defendant received Plaintiff's disputes and requests for documentation concerning the alleged account. See attached exhibits.

28. Defendant chose to disregard Plaintiff's disputes and requests for documentation, and allowed the information pertaining to the disputed account to remain virtually the same on Plaintiff's credit report.

29. Plaintiff then disputed the alleged account(s) in writing with Experian, a consumer reporting agency. See attached exhibits.

30. Experian then conducted an investigation where Defendant was contacted. See attached exhibits.

31. Defendant verified the alleged account with Experian. See attached exhibits.

32. At the time that Defendant(s) verified the alleged account to Experian, Defendant (s) failed to state that the account had been previously disputed by Plaintiff. See attached exhibits.

33. The Pursuant to 15 USC 1861 s-2(a), at the time that Defendant(s) verified the information to Experian (a consumer reporting agency), Defendant(s) had a duty to report to Experian that the account in question had been previously disputed by Plaintiff.

34. At the time that Defendant(s) verified the information to Experian, Defendant failed to inform the Experian that the account had been disputed by Plaintiff.

35. Defendant failed to fulfill it's duties prescribed by 15 USC 1681 s-2(a) to Experian that Plaintiff had previously disputed the account. See attached exhibits.

36. Defendant(s) deprived Plaintiff of Plaintiff's right to have the disputed status of the account included on Plaintiff's Experian consumer report.

37. Defendant(s) deprived Plaintiff of Plaintiff's right to have the disputed status of the account included in Plaintiff's Experian consumer file.

38. Defendant(s) failure to notify Experian of Plaintiff's legitimate, bona fide and meritorious disputes was misleading in such a way that such failure can be expected to influence any potential creditor or employer who would happen to review Plaintiff's credit report. See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

39. Defendant(s) failure to notify Experian of Plaintiff's dispute fosters a presumption of validity to potential creditors or employers.

40. The inclusion of the fact that the account had previously been disputed by Plaintiff would likely help to negate such a presumption.

41. Any potential creditor or may well be curious as to why Plaintiff did not pay on the account. A potential creditor or employer may be influenced to learn that the non-paid account was in dispute, thereby possibly warranting Plaintiff's non-payment of the account.

42. Defendant(s) failure to notify Experian of Plaintiff's Legitimate, meritorious and bona fide dispute(s) is misleading in such a way that such failure can be expected to have an adverse affect. See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

43. Upon information and belief, it is averred that Defendant has a standard practice policy which contradicts its duties pursuant to 15 USC 1861 s-2.

44. It is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to the possibility that Plaintiff may well have been correct in disputing certain aspects of the account information contained on his consumer report.

**PRIVATE CAUSE OF ACTION**

45. The previous paragraphs of this complaint are incorporated by reference.

46. Plaintiff brings this action under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

47. There is no private cause of action under 15 USC 1681s-2(a) alone. Only the government can bring a cause of action under 15 USC 11681 s-2(a). For example, the Attorney General could bring a claim on behalf of consumers under 15 USC 1681s-2(a).

48. But there is a private cause of action under 15 USC 1681s-2(b) because Defendant verified the information after receiving notice from a consumer reporting agency of Plaintiff's dispute. See the following case law which distinguishes between the government right of action under 15 USC 1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).

> Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
> A consumer has no private right of action under FCRA against furnisher merely because the furnisher failed to provide accurate information to consumer reporting agencies.
>
> Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
> In order to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency of the dispute, the credit reporting agency then notified the furnisher of

information, and the furnisher of information failed to investigate or rectify the disputed charge.”).

Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the furnisher is a prerequisite for furnisher liability under FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court dismissed Plaintiff’s Complaint, but only because Plaintiff failed to allege that he disputed the accuracy of the debt to a credit agency, or that the credit agency thereafter reported dispute to defendant.

49. Because Plaintiff first disputed the account(s) with Defendant(s), and then disputed the account with the credit reporting agency afterwards, and then Defendant verified the derogatory information to the Credit Reporting Agency without stating that the account was in a “disputed” status, Plaintiff does have a private cause of action against Defendant under these particular circumstances.

**50.** It is believed and averred that Defendant has standard business practices antithetical to its duties under 15 USC 1681 s-2.

## LIABILITY

51. The previous paragraphs of this complaint are incorporated by reference and made a part hereof .

52. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

53. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

## DAMAGES

54. The preceding paragraphs are incorporated by reference and made a part hereof.

55. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

56. $1,000.00 statutory damages under 15 USC 1681 et. seq.

57. Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and the rights of other consumers.

58. The value of Plaintiff's emotional distress shall be proven at trial.

59. Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best. Plaintiff believes and avers that Defendant's acts are systemic. Therefore, punitive damages are warranted.

60. Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $9,000.

## ATTORNEY FEES

61. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

62. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of $600 per hour

63. Plaintiff believes and avers that the value of such attorney fees is reasonably stated below.

| | | |
|---|---|---|
| a. | Consultation with client | .5 |
| b. | Drafting, editing and review of dispute letters | 1 |
| c. | Drafting , editing, review, filing and service of complaint and related documents | 2 |
| d. | Follow up correspondence with Defense | 2 |

Total = 5.5x $600 = $3,300

64. Plaintiff's attorney fees continue to accrue as the case moves forward.

## OTHER RELIEF

65. The previous paragraphs of this Complaint are incorporated by reference.

66. Plaintiff requests such other relief as this court may deem just and proper.

67. Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $13,301.00 enumerated as follows.

$1.00 actual damages
$1,000.00 statutory damages,
$3,300 attorney fees
$9,000 punitive damages

---

$13,301

Wherefore, Plaintiff seeks declarative relief and in injunction requiring Defendant to comply with 15 USC 1681 s-2. Plaintiff seeks such other relief as this Court deems fair and just.

/s/ Vicki Piontek 8-27-2026

_________________________ ________

Vicki Piontek, Esquire Date

Attorney for Plaintiff
58 East Front Street
Danville, PA. 17821
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com